Revised Form 103 (2017)

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re:**
**Orlando A. Kelley, Jr.** ) **Case No. 26- BLS**
**Krystal R. Kelley** )
**Debtors** ) **Chapter 13**
)

**CHAPTER 13 PLAN**

**I. Notice**

NOTICE TO CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

☐ The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor.
☐ The plan will seek avoidance of a lien or security interest
X The plan contains nonstandard provisions in paragraph VI

**II. Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the trustee the sum of $1200 for 60 months (60).

**III. Plan Distribution:** From the payment received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:**
Full Payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507.
   - ☒ (A) Debtor's Counsel Fees: $4000 to be paid pro rata with car payments within first 12 months and then
   - ☒ (B) Priority Taxes: IRS $326 for 2025; and State of DE for 2025 of $868;
   - (C) Domestic Support Obligations: N/A
   - X (D) Other Priority or Administrative Expenses: All 401k Loans AND Student loans shall be paid directly as due. (See VI)

2. **Secured Claims** (boxes must be checked)
   a. Pro-rata with or
   ☒ subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

(A) Long term or mortgage debt – N/A
(B) Long term or mortgage debt – N/A

X (C) Secured Vehicle debt -- Pro-rata payments to Citizens Bank in the full amount of the vehicle claim for the 2020 Suburu Forrester. Total payments will be $21514 (Payoff + K Int. ) When total paid the Lien is to be marked Satisfied and clean title released to Debtors. Debtors to maintain insurance.

X (C1) Secured Vehicle debt (cramdown) -- Pro-rata payments to Truist Bank for a total payment of $21514 (FMV + Int. ) for the 2022 Ford Escape. When total paid the Lien is to be marked Satisfied and clean title released to Debtors. Debtors to maintain insurance.

(D) Other Secured debt: N/A

**3. Surrender of Collateral and Co-Debtor Relief:**

(A) Debtor surrenders secured collateral to: N/A. Debtor(s) abandons such property in full satisfaction and agrees that the Automatic Stay under 11 U.S.C. §362 may be terminated as to the property and any interest in the property on confirmation of this Plan.
(B) Co-Debtor relief under 11 U.S.C. §1301 is granted effectively immediately upon confirmation of this Plan as to surrendered property.

**4. Unsecured Claims:**
Subsequent to dividends to priority and secured creditors, dividends to allow non-priority general unsecured creditors shall be distributed as follows:

General unsecured creditors will be paid ☐ a dividend of 100% of their allowed claim or ☒ a pro-rata dividend of:
☐ 1.________BIOC or
☐ 2. Disp. Income x 60 months as calculated under §1325(b), or
☒ 3. A pro-rata dividend from the base plan, if any.

**IV. Leases or Executory Contracts:** (if applicable) The following leases or executory contracts of the debtor will be treated as follows: N/A

**V. Vesting of Property:** Title to Debtor's property shall revest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

**VI. Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void. Upon Confirmation, once the Tax Proof of Claim as filed has been paid, the debt is paid in full and all interest and penalties are discharged, to the extent not inconsistent with the discharge provisions set forth in 11 U.S.C. §§ 1328(a)(2), and 523(a).

STUDENT LOAN APPLICABLE AS DIRECT:
1. The Debtor(s) is not seeking nor does this Plan provide for any discharge, in whole or in part, of student loan obligations, as this would require initiating a separate adversary proceeding under 11 U.S.C. § 523(a)(8) pursuant to Rule 7001(6), Fed.R.Bank.P.

2. The Debtor shall be allowed to seek enrollment in any applicable income-driven repayment plan (hereafter "IDR") with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively "Ed"), without disqualification due to her bankruptcy.
3. Ed shall not be required to allow enrollment in any IDR unless Debtor otherwise qualifies.
4. Debtor may seek a consolidation or rehabilitation of student loans.
5. Upon determination by Ed of qualification for enrollment into IDR and calculation of any payment required, the Debtor HAS AUTHORIZED under III.1. (D) in the Chapter 13 plan to allow such direct payment of the student loan(s).
6. During the pendency of any application by the Debtor to consolidate or rehabilitate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and any other normal non-bankruptcy communications including notices of late payments or delinquency, email or phone if authority given by Debtor.
7. The Debtor shall re-enroll/recertify in the applicable IDR annually or as otherwise required.
8. The Debtor's attorney may seek additional compensation by separate application and court Order for services provided in connection with the enrollment and performance under an IDR.

**VII. Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim filed either electronically or as paper. To file an electronic, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms", then click on "Bankruptcy Forms", then select "B410-Proof of Claim". Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, DE 19801, with copy to the Debtor attorney.

[signature] 6/16/2026

Debtor's Signature Date

[signature] 6/16/2026

Joint Debtor's Signature Date

**The undersigned certifies that this plan contains no nonstandard provision other than as set forth in paragraph VI above.**

[signature] 6/4/2026

Attorney for Debtor(s) Date

Revised Form 103 (2017)

## PLAN ANALYSIS

IN RE:
Orlando A. Kelley Jr & Krystal R. Kelley

Case No.: 26- BLS

Estimated length of plan: 60 months

Trustee Use:
341 Meeting Date: ____________
Continued: ____________
Confirmed date: ____________

### TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

| | |
|---|---|
| A. Total Priority Claims ........ | $ |
| 1. Unpaid Attorney Fees ........ | $4000.00 |
| 2. Taxes ........ | $1194.00 |
| 3. Other ........ | $ |
| B. Total of Payments to Cure Defaults (Class Two)........<br>PLUS post-petition | $<br>$ |
| C. Total of Payments on Secured Claims (Class Three)........ | $43028.00 |
| D. Total of Payments on Unsecured Claims (Class Four)........ | $15778.00 |
| E. SUBTOTAL........ | $64000.00 |
| F. Total of Trustee's Compensation (10% of Debtors payment)........ | $8000.00 |
| G. Total Debt and Administrative Expenses........ | $72000.00 |

### RECONCILIATION WITH CHAPTER 7

| | |
|---|---|
| H. INTEREST OF CLASS FOUR CREDITORS IF CHAPTER 7 FILED... | $ |
| 1. Value of Debtor's interest in non-exempt property........ | $ |
| 2. Plus: value of property recoverable under avoiding powers........ | $ |
| 3. Less: estimated chapter 7 administrative expense........ | $ |
| 4. Less: amounts payable to priority creditors other than costs of Administration........ | $ |
| 5. Equals: estimated amount payable to Class 4 creditors if chapter 7 filed (if negative, enter zero)........ | $ |
| I. ESTIMATED DIVIDEND FOR CLASS FOUR UNDER CHAPTER 7.. | $ |
| J. ESTIMATED DIVIDEND UNDER PLAN........ | $ |
| F. Total of Trustee's Compensation (10% of Debtors payment)........ | $ |
| G. Total Debt and Administrative Expenses........ | $ |

[signature]
Debtor's Signature

6/16/2026
Date

[signature]
Joint Debtor's Signature

6/16/2026
Date

[signature]
Attorney for Debtor(s)

6/15/2026
Date